IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARIA MARTINEZ, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil No. 1:19-cv-02783-ADC |
| | ) |
| | ) |
| ACME MARKETS, INC. | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**DEFENDANT ACME MARKETS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant Acme Markets, Inc. (hereinafter "Acme Markets" or "Defendant"), by its counsel, Justin M. Cuniff, Ifeanyi O. Ezeigbo, and BONNER KIERNAN TREBACH & CROCIATA, LLP, pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby files this Memorandum in Support of Defendant Acme Markets, Inc.'s Motion for Summary Judgment (hereinafter "Memorandum"), and states as follows:

### I.   UNDISPUTED MATERIAL FACTS

On December 22, 2017, Plaintiff went to the Acme Markets store located at 101 Big Elk Mall, Elkton, Maryland (hereinafter "Store") to purchase meat for the Christmas holiday. *See* Deposition of Plaintiff dated April 30, 2020, attached hereto as "Exhibit 4," at 16:13. Plaintiff's daughter, Nancy LaFond, accompanied her to the Store. *See id.* at 16:3. Upon arriving at the Store at approximately 1:30 p.m., Plaintiff and Ms. LaFond proceeded straight towards the "butcher block."[1] *See id.* at 17:5-6. On their way to the butcher block, Plaintiff and Ms. LaFond

---

[1] At her deposition, Ms. LaFond explained that the "butcher block" is the area of the Meat Department that contains cases of meat that is not pre-packaged. *See* Exhibit 5, at 30:20.

walked through the same path as where the subject incident ultimately occurred. *See id.* at 18:7. Plaintiff admits that there was nothing wrong with the lighting in the Store and that she was able to see the floor and surrounding area clearly. *See id.* at 25:13. Plaintiff further admits that there was nothing in the Store that obstructed her view of the floor. *See id.* at 22:10. However, at no time prior to her fall did Plaintiff see any grapes on the floor. *See id.* at 21:10-17.

While at the butcher block, Ms. LaFond inquired about purchasing steaks. *See* Deposition of Nancy LaFond dated April 30, 2020 attached hereto as "Exhibit 5," at 26:19. The butcher then re-directed Ms. LaFond and Plaintiff to one of the cases in the Meat Department that they had just passed on their way to him. *See* Exhibit 4, at 18:7; Exhibit 5, at 31:4. On their way to pick up the steaks, Plaintiff followed a few steps behind her daughter who was pushing a shopping cart. *See* Exhibit 4, at 20:8. On her way to the Meat Department, Plaintiff slipped and fell on two (2) or three (3) green grapes. *See* Exhibit 5, at 34:11.

As demonstrated in the surveillance footage of the subject accident, Ms. LaFond walked through the area of Plaintiff's fall without incident and, seconds later, Plaintiff fell. *See id.* at 20:19. Plaintiff admits that the area of the fall, as depicted in the surveillance footage, is the same path that she walked through less than two (2) minutes earlier without incident on her way to the butcher block. *See id.* at 18:7.

Shortly after Plaintiff's fall, Store Director Bill Keen arrived at the scene to provide assistance to Plaintiff. *See* Exhibit 5, at 38:15. At the scene of the incident, Plaintiff filled out a Customer Incident Report ("Exhibit 6") wherein Plaintiff stated that the grapes which allegedly caused her fall "probably fell from a customer's cart." *See* Exhibit 6. At her deposition, Plaintiff confirmed the accuracy of the statements she made in the Customer Incident Report. *See* Exhibit 4, at 23:24.

5

Plaintiff cannot identify the length of time that the grapes were on the floor or the source or origin of the grapes.

> Q: Do you know how long the grapes were on the floor prior to your slip?
> A: No.
> Q: Do you know where the grapes came from?
> A: No.

*See* Exhibit 4, at 21:21-25. Similarly, Plaintiff's daughter admits that she does not know the source of the grapes or how long the grapes were on the floor.

> Q: Now, ma'am, we're talking about the accident and the grapes. Do you have any idea how long the grapes were on the floor prior to the subject accident?
> A: I have no idea.
> Q: And do you know the source of the grapes; where they came from?
> A: I have — nope, I have no idea.

*See* Exhibit 5, at 36: 2-8.

The testimony of Plaintiff and Ms. LaFond, the only liability witnesses identified by Plaintiff, establishes that Plaintiff has failed to present any evidence regarding: (1) the source of the allegedly dangerous condition; (2) how long the allegedly dangerous condition existed prior to her fall; and/or (3) whether the allegedly dangerous condition could have been corrected in a reasonable period of time. Consequently, despite the unsupported allegations in the Complaint that Defendant had knowledge of the existence of an unsafe condition at the Store, the record is devoid of any evidence to support such assertions.

## II. STANDARD OF DETERMINATION

A court should grant summary judgment where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "For purposes of summary judgment, a fact is material if, when applied to the substantive law, it affects the outcome of the

litigation." *Nero v. Baltimore Cnty., MD*, 512 F. Supp. 2d 407, 409 (D. Md. 2007) (*citing Anderson*, 477 U.S. at 248). A party opposing a properly supported motion for summary judgment bears the burden of establishing the existence of a genuine issue of material fact. *See Anderson*, 477 U.S. at 248-49. To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Id.* at 248. A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *See id.; see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 248-49.

"The moving party is entitled to summary judgment when the nonmoving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Frostbutter v. Bob Evans Farms, Inc.*, 2013 U.S. Dist. LEXIS 111265 at *7 (D. Md. Aug. 6, 2013) (*quoting Celotex*, 477 U.S. at 323). In ruling on a motion for summary judgment, the court must draw all justifiable inferences in favor of the nonmoving party and accept the nonmoving party's evidence as true. *See Anderson* at 255. However, a nonmoving party must establish more than "the mere existence of a scintilla of evidence" in support of her position. *See id.* at 252. "The nonmoving party may not rely on ***beliefs***, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment." *Coleman v. U.S.*, 369 Fed. Appx. 459 (4th Cir. 2010) (*citing Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 875 (4th Cir. 1992))(emphasis added).

### III. ARGUMENT

To establish a *prima facie* case for negligence under Maryland law, a plaintiff must prove: (1) that the defendant owed a duty to protect the plaintiff from injury; (2) that the defendant breached that duty; (3) that the plaintiff suffered actual injury or loss; and (4) that the loss or injury proximately resulted from the defendant's breach of that duty. *See Rosenblatt v. Exxon Co., U.S.A.*, 335 Md. 58, 642 A.2d 180, 188 (Md. 1994). More specifically, to prove negligence in a premises liability case, the plaintiff must provide evidence establishing that: (1) a dangerous condition existed; (2) the defendant had actual or constructive knowledge of it; and (3) such knowledge was gained in sufficient time to give the defendant an opportunity to remove and/or warn of the condition. *See Coleman*, 369 Fed. Appx. at 461 (*citing Maans v. Giant of Maryland, LLC*, 161 Md. App. 620, 871 A.2d 627, 632 (Md. Ct. Spec. App. 2005)).

To recover in an action for damages, the burden is on the customer to show that the proprietor created the dangerous condition or had actual or constructive knowledge of its existence. *See Lexington Market v. Zappala*, 233 Md. 444, 197 A.2d 147 (Md. 1964); *see also Montgomery Ward & Co., v. Hairston*, 196 Md. 595, 78 A. 2d 190 (Md. 1951). The customer also has to produce evidence that the dangerous condition existed for a sufficiently long period of time for the owner or his employees to correct it or to warn his invitees. *See Keene v. Arlan's Dep't Store of Baltimore, Inc.*, 35 Md. App. 250, 256, 370 A.2d 124 (Md. Ct. Spec. App. 1977). When another patron creates the danger, the proprietor may be liable if it has actual notice and sufficient opportunity to either correct the problem or warn its other customers about it. *See Rawls v. Hochschild, Kohn & Co.*, 207 Md. 113, 117-118, 113 A.2d 405 (Md. 1955).

Defendant is entitled to judgment as a matter of law because: (1) there is no evidence that a dangerous condition existed; (2) there is no evidence that Acme Markets created or had

8

knowledge of the alleged dangerous condition; and (3) there is no evidence that the alleged dangerous condition could have been corrected in a reasonable period of time. Consequently, Plaintiff cannot establish a *prima facie* case for negligence and Acme Markets is entitled to judgment as a matter of law.

### A. PLAINTIFF HAS FAILED TO PROVIDE EVIDENCE THAT A DANGEROUS CONDITION EXISTED PRIOR TO THE ACCIDENT.

Plaintiff's Complaint alleges that Acme Markets "failed to use reasonable and ordinary care to keep the property safe for its invitees" and "failed to give persons in the position of Plaintiff reasonable notice of an unsafe condition." *See* Exhibit 1, at ¶ 4. However, Plaintiff has produced no evidence that a dangerous condition existed prior to the accident. Plaintiff has admitted that, less than two (2) minutes prior to her fall, she walked through the same area of her fall without incident and without seeing any grapes on the floor. *See* Exhibit 4, at 18:7; 21:8-9. Plaintiff has also admitted that there was nothing in the Store that obstructed her view of the floor. *See id.* at 22:10.

In the instant case, Plaintiff has asserted that the grapes "probably fell from another customer's cart." *See* Exhibit 6. However, Plaintiff's obligation to establish that a dangerous condition existed is not satisfied by mere conjecture and speculation as to how the alleged hazardous condition was created. Nor will a "scintilla of evidence or a mere surmise that there may have been negligence justify the court in permitting the case to go to the jury." *See Olney v. Carmichael*, 202 Md. 226, 235 (1953) (*citing Baltimore Transit Co. v. Young*, 189 Md. 428, 436 (1947); *Merchants & Miners Trans. Co. v. Hazelton,* 108 Md. 564, 567 (1908); and *Maas v. Sevick*, 179 Md. 491, 494 (1941)). Plaintiff cannot rely on unsupported speculation to defeat a summary judgment motion. *See Baber*, 977 F.2d at 875 (*citing Felty v. Graves-Humphreys Co.*,

9

818 F.2d 1126, 1128 (4th Cir. 1987)). Moreover, "no presumption of negligence arises merely because an injury was sustained on a storekeeper's premises." *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636, 640 A.2d 1134, 1135 (Md. 1994). Plaintiff's failure to meet her burden demands that the case be dismissed.

Discovery in this matter lasted for nine (9) months, during which the parties exchanged written discovery, identified expert witnesses, conducted five (5) depositions, and conducted a site inspection of the Store.[2] Defendant deposed Plaintiff as well as Plaintiff's daughter, Nancy LaFond. Plaintiff deposed Acme Markets Store Director Bill Keen, Front End Manager Rebecca Kline, and Loss Prevention Specialist Chris Vitale. None of these witnesses established the origin of the grapes or how long the grapes were on the floor. Moreover, Plaintiff did not identify an expert to testify regarding liability. Plaintiff was also provided with video surveillance footage of the subject accident. However, the resulting record is devoid of any evidence that a dangerous condition existed at the Store prior to the subject accident. Plaintiff's inability to prove that a dangerous condition existed is fatal to her claim.

### B. Plaintiff cannot establish that Acme Markets had actual or constructive notice of the alleged dangerous condition at the time of Plaintiff's incident.

Assuming *arguendo* that Plaintiff could prove that the allegedly dangerous condition existed prior to the subject incident, Acme Markets is still entitled to judgment as a matter of law. It is well established that Plaintiff must prove not only that a dangerous condition existed but that Acme Markets created the dangerous condition or had actual or constructive knowledge

---

[2] Defendant notes that Plaintiff did not identify any liability experts and did not provide a formal expert designation as required by Fed. Rule 26(2)(a). Rather, Plaintiff simply identified one of Plaintiff's treating healthcare providers as a "hybrid fact and opinion witness" and failed to provide a report for this witness as required by the Rules. Accordingly, Defendant intends to file a motion in limine to limit the testimony of this witness to that which is contained in the records.

of its existence. *See Lyons v. Shoppers Food Warehouse Corp.,* 2017 U.S. Dist. LEXIS 114667, *1, *10 (D. Md. Jul. 24, 2017) (granting summary judgment despite actual notice of hazard because there was no evidence that the puddle of water existed for a sufficiently long period of time); *Muse v. Supervalu,* 2011 U.S. Dist. LEXIS 54428, at *3 (D. Md. May 20, 2011) (granting summary judgment due to plaintiff's failure to present evidence regarding length of time that grapes were on floor).

In the case at bar, there is no evidence that Acme Markets had actual notice of the alleged hazard. A plaintiff can establish actual notice if there is evidence that a proprietor or its employees created a dangerous condition or had knowledge that a dangerous condition existed. *See, e.g., Giant Food, Inc. v. Mitchell,* 334 Md. 633, 636, 640 A.2d 1134, 1135 (Md. 1994). Here, Acme Markets did not have actual notice of the presence of grapes on the floor because there is no evidence that Acme Markets or any of its employees placed the grapes on the floor or were aware that grapes were on the floor prior to Plaintiff's accident. Therefore, in order to meet her burden of proving notice, Plaintiff would have to establish that Acme Markets had constructive knowledge of the alleged hazardous condition. However, Plaintiff has similarly failed to meet this burden.

In order to establish constructive notice, a plaintiff must present evidence regarding the length of time that the hazardous condition existed on the floor. In *Muse v. Supervalu,* the plaintiff slipped and fell on grapes that had been dropped on the floor by a customer. *See Muse v. Supervalu,* 2011 U.S. Dist. LEXIS 54428, at *3 (D. Md. May 20, 2011). The plaintiff, who had been in the store for twenty-five (25) minutes prior to her fall, attempted to establish notice by arguing that the length of time that she was in the store was the length of time that the hazard existed. *Id.* at 36. The *Muse* Court rejected plaintiff's argument, finding that the plaintiff failed

11

to present evidence regarding the length of time that the grapes were on the floor. *Id.* at 37. The *Muse* Court made clear that, in order to establish constructive notice, a plaintiff bears the burden of establishing that "the dangerous condition existed for a sufficiently long period of time for the owner or his employees to correct it or warn his invitees." *Id.* at 38.

In the case at bar, Plaintiff cannot establish that the grapes were present on the floor for a sufficiently long period of time. Like the plaintiff in *Muse,* Plaintiff has failed to provide any evidence regarding the length of time that the grapes were on the floor. Indeed, Plaintiff has admitted that she does not know how long the grapes were on the floor prior to her fall. *See* Exhibit 4, at 21:23. She walked through the exact area of her fall less than two (2) minutes before it occurred and never saw any grapes on the floor. *See id.* at 21:6-14. Likewise, Ms. LaFond has admitted that she has "no idea" how long the grapes were on the floor. *See* Exhibit 5, at 36:5. Therefore, Plaintiff cannot establish that Acme Markets had constructive notice of the alleged hazard because the record is devoid of any evidence that the grapes were on the floor for a sufficiently long period of time.

### C. PLAINTIFF CANNOT ESTABLISH THAT THE ALLEGED HAZARDOUS CONDITION COULD HAVE BEEN CORRECTED IN A REASONABLE PERIOD OF TIME.

Lastly, Plaintiff cannot establish that the alleged hazardous condition could have been corrected in a reasonable period of time. *See Lyons v. Shoppers Food Warehouse Corp.,* 2017 U.S. Dist. LEXIS 114667, *1, *10 (D. Md. Jul. 24, 2017) (granting summary judgment despite defendant's actual notice because there was no evidence that defendant failed to diligently clean up hazard); *Maans v. Giant of Maryland, LLC,* 161 Md. App. 620, 639-40, 871 A.2d 627, 638 (Md. Ct. Spec. App. 2005) (granting summary judgment due to plaintiff's failure to demonstrate that defendant's employees could have discovered water in time to prevent accident).

In order to establish liability in a slip-and-fall case, a plaintiff must present evidence that the defendant could have discovered the hazard in a reasonable period of time. In *Maans v. Giant of Maryland, LLC,* the plaintiff slipped and fell on water near the check-out aisle of the store. *See Maans v. Giant of Maryland, LLC*, 161 Md. App. 620, 623, 871 A.2d 627, 629 (Md. Ct. Spec. App. 2005). The plaintiff attempted to establish liability by asserting that the defendant had failed to make reasonable inspections of the premises. *Id.* at 632. However, the Court rejected the plaintiff's argument, finding that the plaintiff did not establish that the defendant could have discovered the water on the floor in time to prevent the accident. *Id.* at 632. The *Maans* Court made clear that an invitee must demonstrate that "the defective condition existed long enough to permit one under a duty to inspect to discover the defect and remedy it prior to the injury. *Id.* at 633 (*citing Deering Woods Condo. Ass'n v. Spoon,* 377 Md. 250, 267-68, 833 A.2d 17, 24-25 (Md. 2002).

Recently, this Court has held that the mere presence of a hazard does not establish that a hazard could have been corrected in a reasonable period of time. In *Lyons v. Shoppers Food Warehouse,* the plaintiff slipped and fell on a puddle of water and observed a trail of water coming from the freezer and a wet-floor sign located at the beginning of the trail. *See Lyons v. Shoppers Food Warehouse Corp.,* 2017 U.S. Dist. LEXIS 114667, at *2 (D. Md. Jul. 24, 2017). While the Court acknowledged that the placement of the wet-floor sign indicated that the defendant was aware of the dangerous condition, the Court nevertheless granted summary judgment, finding that a "wet floor sign and water on the floor does not signal a faulty coffin cooler or offer any insight as to the rate of leakage or time on the floor." *Id.* at 10. The *Lyons* Court made clear that the presence of water on the floor did not establish that the defendant failed to "appropriately and diligently respond to the dangerous condition." *Id.*

13

In the case at bar, Plaintiff has presented no evidence that the grapes on the floor could have been corrected in a reasonable period of time. Like the plaintiff in *Maans* who failed to establish that the water could have been corrected in a reasonable period of time, Plaintiff has failed to establish that the grapes could have been corrected by Acme Markets in a reasonable period of time. Indeed, Plaintiff admitted that she has no evidence regarding the length of time that the grapes were on the floor or whether Acme Markets was aware of the presence of grapes on the floor. *See* Exhibit 4, at 21:25; 22:7.

Furthermore, the mere presence of grapes on the floor is not sufficient to establish liability. Plaintiff has speculated that the grapes fell from another customer's cart but has presented no evidence regarding the length of time that the grapes were on the floor. *See* Exhibit 4, at 21:23; Exhibit 4, at 21:8-9. Plaintiff's is merely speculating that the grapes fell from the cart of another customer because the incident occurred in the Meat Department rather than Produce Department. However, the grapes could just as easily have come from another source altogether. Like the plaintiff in *Lyons* who speculated about the duration of the presence of water on the floor, Plaintiff has speculated regarding the duration of the presence of grapes on the floor. In *Lyons,* the Court held that the plaintiff's speculation amounted to nothing more than guesswork. *See Lyons v. Shoppers Food Warehouse Corp.,* 2017 U.S. Dist. LEXIS 114667, at *10 (D. Md. Jul. 24, 2017). Similarly, in the instant case, Plaintiff's speculation regarding the length of time that the grapes were on the floor is nothing more than guesswork. Therefore, because Plaintiff cannot establish that the alleged hazard could have been corrected in a reasonable period of time, Acme Markets is entitled to judgment as a matter of law.

## IV. CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant Acme Markets, Inc. respectfully requests that this Honorable Court grant this Motion and enter judgment in favor of Defendant and provide Defendant with any and all other relief the Court deems necessary or appropriate.

Respectfully submitted,

*/s/ Ifeanyi O. Ezeigbo*
Justin M. Cuniff    (Bar No. 16689)
Ifeanyi O. Ezeigbo (Bar No. 20658)
BONNER KIERNAN TREBACH & CROCIATA, LLP
One Park Place, Suite 425
Annapolis, Maryland 21401
Tel: (443) 263-2800
Fax: (443) 263-2935
Email: jcuniff@bonnerkiernan.com
Email: iezeigbo@bonnerkiernan.com
***Counsel for Defendant Acme Markets, Inc.***